# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 2, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40336

————————

Richard A. Dunsmore,

*Plaintiff—Appellant*,

*versus*

Rhonda Barchak, *District Clerk*,

*Defendant—Appellee*.

—————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CV-20

—————————————————————————

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

    Richard A. Dunsmore, Texas Civil Commitment Center resident # 06526120, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint against Brazoria County Clerk, Rhonda Barchak, challenging Barchak's alleged refusal to file pleadings involving Dunsmore's civil commitment. Barchak did not file Dunsmore's pleadings because of an order requiring pre-filing authorization

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

by an administrative judge due to Dunsmore's status as a vexatious litigant. He also moves for the appointment of appellate counsel.

Dunsmore asserts that the district court judge acted with malfeasance and bias and colluded with Judge Lamar McCorkle, who had issued the vexatious litigant order, and that the district court's judgment and IFP denial seem to perpetuate Judge McCorkle's alleged cover-up. However, Dunsmore has not provided any additional facts or arguments supporting these conclusory assertions, nor has he otherwise raised a nonfrivolous issue that any alleged bias was based on an extrajudicial source or a high degree of antagonism. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

Dunsmore also challenges his underlying civil commitment, asserts that Barchak refused to file his petition for a writ of habeas corpus, and contends that he has had no opportunity for review of the case in which the vexatious litigant order was issued. He further contends that forbidding him from filing violates his constitutional rights. However, these conclusory arguments provide no specific facts or contentions refuting the district court's determinations that there was no indication in the record that Dunsmore sought authorization to file a habeas corpus petition or other pleading challenging the vexatious litigant statute or the vexatious litigant order, nor do they challenge the district court's determinations that Judge McCorkle had judicial immunity and that Dunsmore had not shown that the Texas court's refusal to file his petition due to his failure to obtain authorization in accordance with the Texas vexatious litigant statute violated his rights. *See* Tex. Civ. Prac. & Rem. Code § 11.101(a); *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008); *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

In light of the foregoing, Dunsmore fails to raise a nonfrivolous argument challenging the district court's dismissal of his § 1983 complaint.

No. 22-40336

Accordingly, the IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2. The motion for the appointment of counsel is DENIED.